FILED
SUPERIOR COURT
OF GUAM

2019 AUG -2 PM 4: 03

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) Case No. CF0205-19 |
| Plaintiff, | ) |
| v. | ) DECISION AND ORDER |
| ANTHONY KASTOR,<br>DOB: 06/21/2002 | ) |
| Defendant. | ) |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on July 3, 2019 for a hearing on a submission by Anthony Kastor ("Defendant") of a Motion for De-Certification and Transfer to Family Court. The Defendant is represented by Assistant Public Defender Ali Nusbaum. Assistant Attorney General Sean Brown appeared on behalf of the People of Guam. After considering the arguments of the parties, and the applicable law, the Court issues this Decision and Order granting the Defendant's motion.

## BACKGROUND

In March 2019, officers responded to a theft complaint for a stolen car. (Magistrate's Complaint at Decl., Apr. 4, 2019). After few days later, the police located the vehicle being driven in Yigo. *Id.* Officers attempted to effectuate a stop, but the operator instead attempted to

flee. *Id.* During the pursuit, the vehicle crashed and the three occupants bolted from the vehicle. *Id.* Officers apprehended the occupants, one of whom was the Defendant. *Id.* The Defendant admitted that he had been driving the vehicle, and had been attempting to flee from the police. *Id.* He also admitted that he had obtained the vehicle from a friend, who had told the Defendant that he had taken it from the victim's home. *Id.*

A grand jury indicted the Defendant on charges of Theft by Receiving (as a Second Degree Felony) and Eluding a Police Officer (as a Misdemeanor). (Indictment, Apr. 16, 2019). The Defendant subsequently filed his Motion for De-Certification and Transfer to Family Court. (Mot. De-Cert. & Transfer to Fam. Ct., Jun. 7, 2019). The People filed a response in which they indicated that they would defer to the Court's discretion in the matter. (People's Response, Jun. 27, 2019). The Court held a hearing on the motion and took the matter under advisement. (Minute Entry, Jul. 03, 2019).

## DISCUSSION

Under Guam law, when a minor is sixteen (16) years of age at the time of commission of a crime, the prosecutor is required to charge that person as an adult when the alleged offense is a felony of the first or second degree, as well as any offenses which arise out of the same scheme. 19 GCA § 5106(a). While charging the minor as an adult is mandatory, the Guam Code also authorizes courts to transfer the matter to Family Court. 19 GCA § 5106(d). Transfer is permissible when the court finds by clear and convincing evidence "that the best interest of the minor would be amenable to the care, treatment, and training programs available through the facilities of the juvenile court." In evaluating whether transfer to Family Court is warranted, the court should consider:

(1) the age of the minor;
(2) the history of the minor, including:

(A) any previous delinquent or criminal history of the minor;

(B) any previous abuse or neglect history of the minor; and

(C) any mental health, physical or educational history of the minor, or a combination of these factors;

(3) the circumstances of the offense, including:

(A) the seriousness of the offense;

(B) whether the minor is charged through accountability;

(C) whether there is evidence the offense was committed in an aggressive and premeditated manner;

(D) whether there is evidence the offense caused seriously bodily harm; and

(E) whether there is evidence the minor possessed a deadly weapon;

(4) the advantages of treatment within the juvenile justice system, including, whether there are facilities or programs, or both, particularly available in the juvenile system;

(5) whether the security of the public requires sentencing under Title 9, Chapter 80 of the Guam Code Annotated;

(6) the minor's history of services, including the minor's willingness to participate meaningfully in available services;

(7) whether there is a reasonable likelihood that the minor can be rehabilitated before the expiration of the juvenile court's jurisdiction; and

(8) the adequacy of the punishment or services.

*Id.* In considering the above factors, the court must give greater weight to the seriousness of the alleged offense and the minor's history of juvenile delinquency than any of the other factors. *Id.* The Court is tasked with striking a balance between the best interest of the juvenile defendant(s) and the "public's interest in being protected from crime." *People v. Moore*, 957 N.E.2d 555, 560 (Ill. Ct. App. 2011).

**A. Age and History of the Minor**

At the time the offense was committed the Defendant was less than three months from turning seventeen years old. This is still on the younger side of the sixteen to eighteen year age range covered by the Family Court Statute. 19 GCA § 5106(a). In addition, the Court finds that the Defendant has no prior juvenile cases. Therefore we find these factors weight in favor of decertification and transfer to family court.

## B. Circumstances of the Offense

The Defendant is accused of willingly receiving a stolen vehicle from his friend, and then proceeding to flee from law enforcement officers after officers attempted to detain him. (Magistrate's Complaint at Decl.). While the willing use and acceptance of stolen property is a serious matter warranting the offense's felony status, it is a non-violent offense and one of the relatively less serious felonies to which a minor could be charged as an adult. As this is the Defendant's first offense, the Court feels that some level of youthful ignorance of consequences and a still developing sense of personal responsibility can explain the Defendant's actions in these circumstances. The Court believes the circumstances do not rise to a level of maliciousness that would compel it to keep the Defendant in adult court. The Court finds that this factor weighs in favor of transferring the matter to Family Court.

## C. Advantages of Treatment in the Juvenile Justice System, the Defendants' History of Treatment, and Likelihood of Rehabilitation.

The Defendant has no history of receiving treatment from either the Family Court, or from outside sources. If the Defendant is transferred to Family Court, he will have an opportunity to seek rehabilitation, and the Court finds no evidence that the Defendant will reject or otherwise be unamenable to any treatment and counseling resources offered. The Court notes that the Defendant has two pre-trial drug related violations, however these violations do not indicate that the Defendant is unlikely to be rehabilitated, and the Court is confident the Family Court will provide appropriate drug-abuse treatment if necessary. (1st Violation Report, May 6, 2019) (Defendant admitting to smoking marijuana); (2nd Violation Report, May 10, 2019) (Defendant failing to submit to a drug test). The Court finds that the above factors weigh in favor of transferring the case to Family Court.

## D. Security of the Public.

As stated above, the offenses charges are non-violent in nature. (Indictment at 2). In addition, this was a single incident and the Defendant's first offense. The Court finds that the security of the public is not implicated in this matter and, therefore, this factor weighs in favor of transferring the case to Family Court.

## E. Adequacy of Punishment.

At a maximum, the Family Court could retain jurisdiction over the Defendant until the Defendant turns twenty-one years of age. 19 GCA §5105. Based on the Defendant's current age, the Family Court could have jurisdiction over the Defendant for a little less than four years. In contrast, if the Defendant were to be convicted of the offenses charge, he could serve a term of imprisonment between five and ten years; or, if the court chooses to apply first offender guidelines, the Defendant could be sentenced for up to five years imprisonment. 9 GCA § 43.20(a). Five years is a rather harsh sentence for a seventeen year old defendant, and the Court is satisfied that the time the Defendant will spend getting treatment in Family Court will be comparable to any time the Defendant would serve as an adult, and will be far more productive for the Defendant. Therefore, we find this final factor to be in favor of transferring the case to Family Court.

Based on clear and convincing evidence demonstrated by the analysis of the factors discussed herein, the Court finds that the Defendant's best interest would be amenable to the care, treatment, and training programs available through the Family Court. 19 GCA § 5106(d). Accordingly, the Court shall decertify the above-captioned felony case, and transfer the matter to Family Court.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the Defendant's Motion for De-Certification and Transfer to Family Court. It is hereby **ORDERED** that the above-captioned case be **DISMISSED WITHOUT PREJUDICE**. It is **FURTHER ORDERED** that the People shall file a juvenile delinquency case within thirty (30) days of the issuance of this Decision and Order.

IT IS SO ORDERED this 2nd day of August, 2019.



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

_MG_
_PDPC_
Date: 8/2/19 Time: 4:06 pm

_____
Deputy Clerk, Superior Court of Guam